IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IGOR CHEPEL; ROOF VERA CHEPEL,
as guardian ad litem for minors, ERICK
CHEPEL, JASON CHEPEL, and
ASHLEY CHEPEL,

        Plaintiffs,               No. 2:09-cv-03548 JAM KJN PS

    v.

THE LAW OFFICE OF FREDERICK     ORDER & FINDINGS AND
S. COHEN; FREDERICK S. COHEN,     RECOMMENDATIONS
individually; MARY ROSS;
DR. LARRY NICHOLAS; and DOES 1
through 20,

        Defendants.
_____/

        Plaintiffs, who are proceeding without counsel, filed their complaint on December 23, 2009.[1] (Dkt. No. 1.) Presently before the court is plaintiff Igor Chepel's application to proceed in forma pauperis.[2] (Dkt. No. 2.) For the reasons stated below, the

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010 (Dkt. No. 3).

[2] The court's docket reflects that no application to proceed in forma pauperis has been filed by plaintiff Roof Vera Chepel, as guardian ad litem for minors Erick Chepel, Jason Chepel,

1

undersigned grants Mr. Chepel's application to proceed in forma pauperis, but will delay ordering service of the complaint until the United States District Judge assigned to this case has acted on the findings and recommendations contained herein. The undersigned also addresses the issue of representation of the minor plaintiffs in this action, and, for the reasons stated below, orders that plaintiffs must retain legal counsel to represent the minor plaintiffs within 30 days or the undersigned will recommend that plaintiff Roof Vera Chepel and the minors be dismissed from the action without prejudice.

I.  Plaintiff Igor Chepel's Application to Proceed In Forma Pauperis

Plaintiff Igor Chepel has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Dkt. No. 2.) His application and declaration make the showing required by 28 U.S.C. § 1915(a)(1) and (2). (See id.) Accordingly, the undersigned grants his request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Plaintiffs' complaint arises from a contentious custody dispute between plaintiff Igor Chepel and Irena Chepel, which has proceeded in Sacramento County Superior Court ("Superior Court").[3] (Compl. ¶¶ 2-3.) Plaintiffs allege that in connection with the custody proceedings, the Superior Court appointed defendant attorney Frederick S. Cohen to represent

and Ashley Chepel.

[3] This summary of the relevant facts is not an exhaustive recitation of the allegations in the complaint.

two of the three minor children, Jason Chepel and Ashley Chepel, and appointed defendant Dr. Larry Nicholas as a family law mediator.[4] (Id. ¶¶ 3-4, 35.) Generally, plaintiffs allege that defendants Cohen and Nicholas conspired to make a successful recommendation to the Superior Court that the children be placed in Irena Chepel's custody for a six month period, where the children were abused. (Id. ¶¶ 5-7, 37-45, 47.) Plaintiffs further allege that after the Superior Court returned the children to plaintiff Igor Chepel's custody, defendants Cohen and Nicholas further conspired to successfully recommend that Irena Chepel be granted unsupervised visits with the children, whereon the children again suffered abuse at the hands of Irena Chepel and her boyfriend. (Id. ¶¶ 8-13, 37, 46.)

Plaintiffs allege five claims for relief, which the undersigned characterizes as follows for the sole purpose of screening the complaint: (1) a claim pursuant to 42 U.S.C. § 1983 alleging that defendants, acting under color of state law, deprived plaintiff Igor Chepel of his parental rights and alienated him from his children, in violation of the First and Fourteenth Amendments; (2) a state law claim for intentional infliction of emotional distress based on defendants' conduct; (3) a state law claim for negligent infliction of emotional distress based on defendants' conduct; (4) a state law claim for fraud based on an intentional misrepresentation made by defendant Frederick Cohen to plaintiff Igor Chepel; and (5) a state law claim for defamation against defendants Frederick Cohen and Dr. Larry Nicholas.

The undersigned cannot determine on the present record that plaintiffs fail to state a claim on which relief may be granted with respect four of the five claims alleged: plaintiffs' claim premised on 42 U.S.C. § 1983 and their state law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and fraud. The undersigned reserves decision on these claims until the record is sufficiently developed. Accordingly, the undersigned will order service of the complaint on the defendants, but will do so by separate

---

[4] Plaintiffs allege that defendant Mary Ross is an attorney that works in the Law Office of Frederick S. Cohen, another defendant named in the complaint. (Compl. ¶ 30.)

3

order after resolution by the United States District Judge assigned to this case of the undersigned's recommendation below that plaintiffs' state law claim for defamation be dismissed with prejudice.

Plaintiffs' defamation claim alleges that in January 2008, defendants Cohen and Nicholas published false, libelous statements in reports and letters to the effect that plaintiff Igor Chepel "alienated his children from their mother." (Compl. ¶¶ 71, 73.) The complaint further alleges that these reports and letters were "seen and read on or about January 2008 through December 2009 by Children Protective Services workers, by Minor's Counsel, Ms. Judith Clark and by the Sacramento Superior Court." (Id. ¶ 75.) It also alleges, among other things, that the publication of the allegedly libelous statements deprived plaintiff Igor Chepel of his parental relationship with his children for over six months. (Id. ¶ 76.)

The undersigned recommends that plaintiffs' state law defamation claim be dismissed with prejudice as barred by California Civil Code § 47(b), which provides, in part, that a "publication or broadcast" made as part of a judicial proceeding is privileged. See also Action Apartment Ass'n, Inc. v. City of Santa Monica, 41 Cal. 4th 1232, 1241, 163 P.3d 89, 95 (Cal. 2007). The California Supreme Court recently summarized this litigation privilege as follows:

> This privilege is absolute in nature, applying to all publications, irrespective of their maliciousness. The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action. The privilege is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards.

Id. (citations and internal quotation marks omitted, modification in original); accord Obos v. Scripps Psychological Assocs., Inc., 59 Cal. App. 4th 103, 108, 69 Cal. Rptr. 2d 30, 33 (Ct. App. 1997) ("The judicial privilege is accorded not only to parties but to witnesses, even where their testimony is allegedly perjured and malicious" (citations and internal quotation marks omitted).). The California Supreme Court has given this privilege "a broad interpretation" in furtherance of

the purpose of the privilege, which is "to afford litigants and witnesses . . . the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." Id.

Here, the publications alleged by plaintiff consist of reports and letters published by a court-appointed attorney and court-appointed mediator to Child Protective Services, court-appointed counsel for another child, and the Superior Court, all in connection with the custody dispute between plaintiff Igor Chepel and Irena Chepel. (See Compl. ¶¶ 71-77.) Taking these allegations as true, the absolute litigation privilege bars the defamation claim alleged by plaintiffs. The statements were made by participants in a judicial proceeding, a custody dispute before the Superior Court, to determine placement of the children. And the statements, which allegedly resulted in plaintiff Igor Chepel's temporary loss of custody, had some connection or logical relation to the custody dispute. California courts have repeatedly held that the absolute privilege in California Civil Code § 47(b) applies to statements made by participants to, and in connection with, child custody proceedings. See, e.g., Jacob B. v. County of Shasta, 40 Cal. 4th 948, 956, 154 P.3d 1003, 1008 (Cal. 2007) (holding that a letter written by a supervisor in a county crime victim restitution program regarding whether one of the persons being considered for visitation rights in a family law proceeding had previously molested his nephew was privileged); Obos, 59 Cal. App. 4th at 105, 69 Cal. Rptr. 2d at 31 (holding that allegedly defamatory statements that were made to a court-appointed psychologist in the course of a court-ordered child custody and placement investigation, which were also repeated to the children's court-appointed attorney and therapist, were privileged); see also Wise v. Thrifty Payless, Inc., 83 Cal. App. 4th 1296, 1302, 100 Cal. Rptr. 2d 437, 441-42 (Ct. App. 2000) (collecting cases and stating that "[c]ase law is clear that section 47(b) absolutely protects litigants and other participants from being sued on the basis of communications they make in the context of family law proceedings").

Accordingly, the publications at issue are subject to the absolute privilege and plaintiffs' state law defamation claim should be dismissed for failure to state a claim on which

relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). This claim should be dismissed with prejudice because it is clear that plaintiffs cannot overcome the litigation privilege through amendment of their complaint. See, e.g., Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984).

II.     Representation of Children by Plaintiff Roof Vera Chepel as Guardian Ad Litem

The caption of the complaint indicates that plaintiff Roof Vera Chepel seeks to represent Erick Chepel, Jason Chepel, and Ashley Chepel, all of whom are minors, as their guardian ad litem. (Compl. at 1:13-15.) The complaint alleges that plaintiff Roof Vera Chepel is the paternal grandmother of the three children. (Id. ¶ 28.)

The Ninth Circuit Court of Appeals has plainly held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); accord Lin v. Ashcroft, 377 F.3d 1014, 1025 (9th Cir. 2004). The rationale for this rule is a protective one, and the Court of Appeals has stated that where minors "have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." Johns, 114 F.3d at 877 (citation and internal quotation marks omitted).

Accordingly, plaintiff Roof Vera Chepel may not represent the three minors without retaining a lawyer to represent the children in ths action. The undersigned will grant plaintiffs 30 days to retain legal representation for Erick Chepel, Jason Chepel, and Ashley Chepel. Failure to do so will result in a recommendation that plaintiff Roof Vera Chepel and the children be dismissed from the action without prejudice.

III.    CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.      Plaintiff Igor Chepel's request to proceed in forma pauperis (Dkt. No. 2) is granted, but service of the complaint will be ordered by separate order once the United States District Judge assigned to this case has acted upon the recommendation stated below.

2. Plaintiff Roof Vera Chepel may not represent the minors in this action without retaining a lawyer to represent them, and plaintiffs shall have 30 days from the date of this order to retain legal representation for minors Erick Chepel, Jason Chepel, and Ashley Chepel.

It is FURTHER RECOMMENDED that plaintiffs' fifth claim for relief for "defamation of character" be dismissed as to all defendants with prejudice as barred by the absolute privilege contained in California Civil Code 47(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**IT IS SO ORDERED AND RECOMMENDED.**

DATED: March 11, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE