IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IGOR CHEPEL; ROOF VERA CHEPEL, as guardian ad litem for minors, ERICK CHEPEL, JASON CHEPEL, and ASHLEY CHEPEL,

        Plaintiffs,

    v.

THE LAW OFFICE OF FREDERICK S. COHEN; FREDERICK S. COHEN, individually; MARY ROSS; DR. LARRY NICHOLAS; and DOES 1 through 20,

        Defendants.

No. 2:09-cv-03548 JAM KJN PS

ORDER

/

        Presently before the court is a "Motion for Relief From Order Vacating Motions and Motion for Attorneys' Fees/Costs [F.R.C.P. 60, Cal. Civ. Proc. § 425.16]" filed by defendants Frederick S. Cohen, The Law Office of Frederick S. Cohen, and Mary Ross" (collectively, "Cohen Defendants"). (Dkt. No. 16.) For the reasons that follow, the undersigned will vacate the hearing on the Cohen Defendants' motion, which is currently set for November 4, 2010, and order that the parties file status reports with the court regarding the impact of plaintiff Igor Chepel's Chapter 7 bankruptcy petition on the pending motion.

1

On August 30, 2010, plaintiff Igor Chepel, who was then the only remaining plaintiff in this action,[1] filed a "Notice of Dismissal Without Prejudice," seeking dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41. (Dkt. No. 14.) Although Mr. Chepel did not specify a particular subsection of Rule 41 under which the notice of dismissal was filed, the court construed the notice as being filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) because the opposing parties had not filed answers or motions for summary judgment. (Order, Sept. 8, 2010, Dkt. No. 15.) In so construing plaintiff's notice, the court noted that no court order was required for plaintiff to effectuate a voluntary dismissal without prejudice.[2] (See id.) Nevertheless, for the sake of clarity, the court entered an order on September 8, 2010, which acknowledged the effect of plaintiff's voluntary dismissal, vacated the pending dates in this matter, including the hearing date related to a special motion to strike filed by the Cohen Defendants, and directed that the case be closed. (See id.) Accordingly, this case was closed on September 8, 2010.

On September 27, 2010, the Cohen Defendants filed the pending motion for relief from the court's September 8, 2010 order pursuant to Federal Rule of Civil Procedure 60, which also seeks attorneys' fees and costs pursuant to California's Anti-SLAPP statute, Cal. Civ. Proc.

---

[1] The other named plaintiffs were previously dismissed from this action. All references to "plaintiff" in this order are to plaintiff Igor Chepel.

[2] In United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA, 545 F.3d 1134 (9th Cir. 2008), the Ninth Circuit Court of Appeals summarized the "self-executing" nature of a notice of dismissal filed pursuant to Rule 41(a)(1)(A):

> A voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(i) grants a plaintiff an absolute right to dismiss [ ] without prejudice . . . and requires no action on the part of the court. The filing itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. The effect of the filing is to leave the parties as though no action had been brought. Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.

Id. at 1145 (citations and quotation marks omitted, modifications in original).

Code § 425.16, despite the fact that the court has not passed upon the merits of the Cohen Defendants' special motion to strike filed pursuant to the Anti-SLAPP statute.[3] On October 19, 2010, plaintiff filed a written opposition to the Cohen Defendants' motion that, among other things, indicates that plaintiff has filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of California, which is proceeding under case number 10-41945.[4] (Dkt. No. 22.) Plaintiff contends that his bankruptcy petition, which was filed on August 18, 2010, automatically stays the motion pending before this court and that, in any event, defendants' and/or defendants' counsel's claims to attorneys' fees pursuant to California's Anti-SLAPP statute will be discharged in the bankruptcy proceeding. He also notes that the Cohen Defendants' initially filed their special motion to strike pursuant to the Anti-SLAPP statute prior to effectuation of service of the summons or complaint in this matter on any of the defendants. The Cohen Defendants have not filed a reply brief in response to plaintiff's written opposition.

Plaintiff's notice of voluntary dismissal and his opposition to the Cohen Defendants' pending motion raise concerns regarding, among other things, this court's jurisdiction to hear the Cohen Defendants' motion for relief pursuant to Rule 60 and their motion for fees and costs pursuant to the Anti-SLAPP statute. Setting aside whether the notice of voluntary dismissal deprives the court of jurisdiction, the court is concerned that an automatic stay attendant to the filing of a bankruptcy petition might preclude it from considering the Cohen Defendants' motion for relief and for fees and costs, and that, in any event, the claims for fees and costs asserted by the Cohen Defendants might be discharged in the bankruptcy proceeding. Based on the court's review of plaintiff's opposition and the bankruptcy court's docket in case number 10-41945, it appears that the bankruptcy trustee has concluded that plaintiff's bankruptcy estate has been fully administered, and that the trustee has filed a "Notice of Filing Report of No

---

[3] The acronym "SLAPP" stands for "strategic lawsuit against public participation." Jarrow Formulas, Inc. v. La Marche, 31 Cal. 4th 728, 732 n.1, 74 P.3d 737, 739 n.1 (2003).

[4] Plaintiff did not previously notify the court that he had filed a bankruptcy petition.

3

Distribution" in regards to plaintiff's Chapter 7 petition. (U.S. Bankr. Court for the E. Dist. of Cal., No. 10-41945, Dkt. Entry dated Oct. 18, 2010, and Dkt. Nos. 29, 30.) It also appears that the last day to file an objection to the trustee's action is November 18, 2010. (U.S. Bankr. Court for the E. Dist. of Cal., No. 10-41945, Dkt. Nos. 29, 30.) Because of the potential impact of the bankruptcy proceedings on the matter before this court, the undersigned will order that the parties provide status reports to the court after November 18, 2010, and that the court may thereafter address any outstanding issues that relate to the Cohen Defendants' motion for relief from the September 8, 2010 order of this court and its motion for fees and costs pursuant to the Anti-SLAPP statute.

Accordingly, it is HEREBY ORDERED that:

1. The hearing on the Cohen Defendants' motion for relief pursuant to Federal Rule of Civil Procedure 60 and for fees and costs pursuant to California's Anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16 (Dkt. No. 16), which is presently set for November 4, 2010, at 10:00 a.m., is vacated.

2. On or before December 2, 2010, plaintiff shall file a written document with the court that provides a status update regarding the impact of plaintiff's Chapter 7 bankruptcy petition on the Cohen Defendants' and/or their counsel's claim for attorneys fees' and costs sought pursuant to California Code of Civil Procedure 425.16. Plaintiff's status report shall specifically address whether the Cohen Defendants' and/or their counsel's claim for attorneys' fees has been discharged or otherwise resolved through the bankruptcy proceeding. Plaintiff may attach copies of pertinent court documents as necessary. Plaintiff shall also serve this status report on all defendants in this action.

3. On or before December 9, 2010, the Cohen Defendants shall file a written document a with the court that provides defendants' view of the impact of plaintiff's Chapter 7 bankruptcy petition on the Cohen Defendants' and/or their counsel's claim for attorneys' fees and costs. The Cohen Defendants shall indicate whether they concur with plaintiff's position and, if

not, the reasons why not.

4. After receipt of the parties' respective status reports, the undersigned will issue an order addressing the Cohen Defendants' motion for relief pursuant to Rule 60 and for fees and costs pursuant California Code of Civil Procedure 425.16, or, if necessary, set the matter for a hearing.

IT IS SO ORDERED.

DATED: November 2, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE