1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    IGOR CHEPEL; ROOF VERA CHEPEL,
      as guardian ad litem for minors, ERICK
11    CHEPEL, JASON CHEPEL, and
      ASHLEY CHEPEL,
12
                 Plaintiffs,                    No. 2:09-cv-03548 JAM KJN PS
13
            v.
14
      THE LAW OFFICE OF FREDERICK
15    S. COHEN; FREDERICK S. COHEN,
      individually; MARY ROSS;
16    DR. LARRY NICHOLAS; and DOES 1
      through 20,
17
                 Defendants.                    ORDER
18
      _____/
19

20              Presently before the court is a "Motion for Relief From Order Vacating Motions

21    and Motion for Attorneys' Fees/Costs [F.R.C.P. 60, Cal. Civ. Proc. § 425.16]" filed by

22    defendants Frederick S. Cohen, The Law Office of Frederick S. Cohen, and Mary Ross

23    (collectively, "Cohen Defendants").  The Cohen Defendants move this court to vacate the order

24    closing this case as a result of plaintiff's notice of voluntary dismissal and award them over

25    $17,000 in attorneys' fees in connection with an anti-SLAPP motion that the Cohen Defendants

26    ////

                                                  1

1  filed before they were served in this action.[1]  For the reasons that follow, the undersigned denies

2  the Cohen Defendants' motions because "extraordinary circumstances" do not support the

3  reopening of this case under Federal Rule of Civil Procedure 60(b)(6).

4  I.     BACKGROUND

5              Plaintiff Igor Chepel, who is proceeding without counsel and in forma pauperis,

6  filed a complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 and various

7  state law claims.[2]  (See generally Compl., Dkt. No. 1.)  This action arose out of a contentious

8  custody dispute between plaintiff Igor Chepel and Irena Chepel, which proceeded in Sacramento

9  County Superior Court ("Superior Court").  (Compl. ¶¶ 2-3.)  The complaint alleged that in

10  connection with the custody proceedings, the Superior Court appointed defendant Frederick S.

11  Cohen, an attorney, to represent two of the three minor children, and also appointed defendant

12  Dr. Larry Nicholas as a family law mediator.[3]  (Id. ¶¶ 3-4, 35.)  Generally, the complaint alleged

13  that defendants Cohen and Nicholas conspired to make a successful recommendation to the

14  Superior Court that the children be placed in Irena Chepel's custody for a six month period,

15  where the children were abused.  (Id. ¶¶ 5-7, 37-45, 47.)  It further alleged that after the Superior

16  Court subsequently returned the children to Igor Chepel's custody, defendants Cohen and

17  Nicholas further conspired to successfully recommend that Irena Chepel be granted unsupervised

18  visits with the children, during which the children again suffered abuse at the hands of Irena

19  Chepel and her boyfriend.  (Id. ¶¶ 8-13, 37, 46.)

20              The complaint alleged five claims for relief: (1) a claim pursuant to 42 U.S.C.

21

22      [1]  The acronym "SLAPP" stands for "strategic lawsuit against public participation."
Jarrow Formulas, Inc. v. La Marche, 31 Cal. 4th 728, 732 n.1, 74 P.3d 737, 739 n.1 (2003).

23
24      [2]  Originally, this action was brought by plaintiff Igor Chepel and plaintiff Roof Vera
Chepel as guardian ad litem for three minor plaintiffs.  All plaintiffs except for Igor Chepel were
dismissed from the action without prejudice.  References to a single "plaintiff" herein are to Igor
25  Chepel.

26      [3]  The complaint alleged that defendant Mary Ross was an attorney that works in the Law
Office of Frederick S. Cohen, another defendant named in the complaint.  (Compl. ¶ 30.)

1  § 1983 alleging that defendants, acting under color of state law, deprived plaintiff Igor Chepel of

2  his parental rights and alienated him from his children, in violation of the First and Fourteenth

3  Amendments; (2) a state law claim for intentional infliction of emotional distress based on

4  defendants' conduct; (3) a state law claim for negligent infliction of emotional distress based on

5  defendants' conduct; (4) a state law claim for fraud based on an intentional misrepresentation

6  made by defendant Frederick Cohen to plaintiff Igor Chepel; and (5) a state law claim for

7  defamation against defendants Frederick Cohen and Dr. Larry Nicholas.

8        On March 12, 2010, the undersigned entered an order and findings and

9  recommendations granting Igor Chepel's request to proceed in forma pauperis and ordering that

10 Roof Vera Chepel[4] would not be permitted to represent the minor plaintiffs without retaining an

11 attorney for those children.  (See Order & Findings and Recommendations, Mar. 12, 2010, Dkt.

12 No. 4.)  The adult plaintiffs were provided with additional time to retain counsel to represent the

13 minors.  (Id. at 6.)  The undersigned also recommended that plaintiff's "defamation of character"

14 claim be dismissed as barred by California's litigation privilege found in California Civil

15 Code 47(b).  (Id. at 4-6.)  On April 19, 2010, the court issued findings and recommendations

16 recommending that because the adult plaintiffs failed to retain counsel for the three minor

17 children within the additional time granted by the court, the minor plaintiffs be dismissed from

18 this action without prejudice and that Roof Vera Chepel, as guardian ad litem for the minor

19 plaintiffs, likewise be dismissed without prejudice.  (Findings & Recommendations, Apr. 19,

20 2010, Dkt. No. 5.)  The district judge assigned to this action adopted both sets of findings and

21 recommendations.  (Order, Apr. 29, 2010, Dkt. No. 6; Order, May 21, 2010, Dkt. No. 7.)

22        On May 24, 2010, the undersigned ordered service of the complaint, as modified,

23 on the Cohen Defendants and Nicholas.  (Order, May 24, 2010, Dkt. No. 8.)  A summons was

24 issued that same day.  (Summons, Dkt. No. 9.)

25

26        [4] Roof Vera Chepel is the minor plaintiffs' paternal grandmother (Compl. ¶ 28), who was originally named as a plaintiff in this matter.

3

1    On June 3, 2010, Igor Chepel filed a statement declaring that on May 28, 2010, he

2 delivered the requisite documents to the U.S. Marshal's Office for the purpose of effectuating

3 service on defendants.  (Pl.'s Statement, Dkt. No. 12.)

4    On August, 9, 2010, the Cohen Defendants filed a special motion to strike

5 plaintiff's state law claims pursuant to California's anti-SLAPP statute, California Code of Civil

6 Procedure § 425.16, and a motion to dismiss plaintiff's Section 1983 claims pursuant to Federal

7 Rule of Civil Procedure 12(b)(6).  (Dkt. No. 13.)  Notably, the court's docket reveals that at the

8 time the Cohen Defendants filed their motions, they had not been served with the summons and

9 complaint by the U.S. Marshal.  Documents filed by the U.S. Marshal reflect that the U.S.

10 Marshal did not complete service of the summons and complaint on any defendants because

11 plaintiff voluntarily dismissed this action.  (See Process Receipt & Return Forms, Dkt. No. 21.)

12 The Cohen Defendants noted in a status report that they returned waivers of service to the U.S.

13 Marshal on August 6, 2010.  (Cohen Defs.' Status Report at 2 n.3, Dkt. No. 25.)  No such

14 waivers are reflected on the court's docket.

15    On August 30, 2010, plaintiff Igor Chepel, who was then the only remaining

16 plaintiff in this action, filed a "Notice of Dismissal Without Prejudice," seeking dismissal of this

17 action without prejudice pursuant to Federal Rule of Civil Procedure 41.  (Notice of Dismissal,

18 Dkt. No. 14.)  Although plaintiff did not specify a particular subsection of Rule 41 under which

19 the notice of dismissal was filed, the undersigned construed the notice as being filed pursuant to

20 Federal Rule of Civil Procedure 41(a)(1)(A)(i) because the opposing parties had not yet filed

21 answers or motions for summary judgment.  (Order, Sept. 8, 2010, Dkt. No. 15.)  In so

22 construing plaintiff's notice, the undersigned noted that no court order was required for plaintiff

23 to effectuate a voluntary dismissal without prejudice.[5]  (See id.)  Nevertheless, "for the sake of

24

25    [5]  In United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA, 545
26 F.3d 1134 (9th Cir. 2008), the Ninth Circuit Court of Appeals summarized the "self-executing"
nature of a notice of dismissal filed pursuant to Rule 41(a)(1)(A):

4

1  clarity," the court entered an order on September 8, 2010, which acknowledged the effect of

2  plaintiff's voluntary dismissal, vacated all pending dates in this matter including the hearing on

3  the Cohen Defendants' motions, and directed that the case be closed.  (See id.)  Accordingly, the

4  Clerk of Court closed this case on September 8, 2010.

5        On September 27, 2010, the Cohen Defendants filed the pending motions for

6  relief from the court's September 8, 2010 order pursuant to Federal Rule of Civil Procedure 60,

7  which also seeks attorneys' fees and costs pursuant to California's anti-SLAPP statute despite the

8  fact that the court never passed on the merits of the Cohen Defendants' special motion to strike.

9  The Cohen Defendants seek $17,105.14 in attorneys' fees and costs for 74.3 hours of billable

10  time expended by their counsel.[6]  (Sommer Decl., Ex. A, DKt. No. 18.)  On October 19, 2010,

11  plaintiff filed a written opposition to the Cohen Defendants' motion that, among other things,

12  indicated that plaintiff had filed a Chapter 7 bankruptcy petition in the United States Bankruptcy

13  Court for the Eastern District of California, proceeding under case number 10-41945.[7]  (Pl.'s

14  Opp'n, Dkt. No. 22.)  Plaintiff filed his voluntary petition for bankruptcy on August 18, 2010.

15  (U.S. Bankr. Court, E. Dist. of Cal., No. 10-41945, Dkt. No. 1.)

16        Based on the court's review of plaintiff's opposition and the bankruptcy court's

18       A voluntary dismissal pursuant to Federal Rule of Civil Procedure

19  41(a)(1)(i) grants a plaintiff an absolute right to dismiss [ ] without
prejudice . . . and requires no action on the part of the court.  The filing
itself closes the file.  There is nothing the defendant can do to fan the ashes
of that action into life and the court has no role to play.  The effect of the

20  filing is to leave the parties as though no action had been brought.  Once
the notice of dismissal has been filed, the district court loses jurisdiction

21  over the dismissed claims and may not address the merits of such claims

22  or issue further orders pertaining to them.

23  Id. at 1145 (citations and quotation marks omitted, modifications in original).

24     [6]  The Cohen Defendants' counsel are seeking attorneys' fees incurred as early as
January 13, 2010, which was over four months before the court even ordered service of

25  plaintiff's complaint on the Cohen Defendants through the U.S. Marshal.  (Compare Sommer
Decl., Ex. A at 2, with Order, May 24, 2010.)

26     [7]  Plaintiff did not previously notify the court that he had filed a bankruptcy petition.

1  docket in case number 10-41945, the undersigned ordered supplemental briefing by plaintiff on

2  the status of the bankruptcy proceedings.  This briefing was ordered because it appeared that the

3  bankruptcy trustee had concluded that plaintiff's bankruptcy estate had been fully administered,

4  and that the trustee had filed a "Notice of Filing Report of No Distribution" in regards to

5  plaintiff's Chapter 7 petition.[8]  (U.S. Bankr. Court, E. Dist. of Cal., No. 10-41945, Dkt. Nos. 28-

6  30.)  Plaintiff filed two notifications regarding the status of the bankruptcy proceedings, on of

7  which includes a "Discharge Of Debtor" order reflecting that plaintiff was granted a discharge on

8  December 10, 2010.  (Pl.'s Notice, Ex. C, Dkt. No. 26; see also U.S. Bankr. Court, E. Dist. of

9  Cal., No. 10-41945, Dkt. No. 35.)  A Final Decree was entered in the bankruptcy action on

10  January 6, 2011, and the bankruptcy case has been closed.  (U.S. Bankr. Court, E. Dist. of Cal.,

11  No. 10-41945, Dkt. Nos. 36-37.)

12  II.  DISCUSSION

13         Federal Rule of Civil Procedure 60(b) provides:

14         **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**
           On motion and just terms, the court may relieve a party or its legal
15         representative from a final judgment, order, or proceeding for the
           following reasons:

16
17                **(1)** mistake, inadvertence, surprise, or excusable neglect;

18                **(2)** newly discovered evidence that, with reasonable diligence,
                  could not have been discovered in time to move for a new trial
19                under Rule 59(b);

20                **(3)** fraud (whether previously called intrinsic or extrinsic),
                  misrepresentation, or misconduct by an opposing party;

21                **(4)** the judgment is void;

22                **(5)** the judgment has been satisfied, released or discharged; it is

23  ─────────────────

24         [8]  Plaintiff listed the present lawsuit as in an amended bankruptcy schedule filed in the
       bankruptcy action, and also listed the Cohen Defendants an their counsel as creditors holding
25     unsecured nonpriority claims. (Amended Summary of Schedules, U.S. Bankr. Court, E. Dist. of
       Cal., No. 10-41945, Dkt. No. 25.)  The Cohen Defendants filed, and subsequently withdrew, an
26     "Objection to Report of No Distribution." (U.S. Bankr. Court, E. Dist. of Cal., No. 10-41945,
       Dkt. Nos. 31, 34.)

1    based on an earlier judgment that has been reversed or vacated; or
     applying it prospectively is no longer equitable; or

2

3    **(6)** any other reason that justifies relief.

4    The Cohen Defendants rely on the catch-all provision of Rule 60(b)(6) in seeking relief from the

5    court's order vacating the hearing on the anti-SLAPP motion and motion to dismissed filed by

6    the Cohen Defendants.  The "other reason" clause of Rule 60(b)(6) permits courts to "vacate

7    judgments whenever such action is appropriate to accomplish justice," <u>Klapprott v. United</u>

8    <u>States</u>, 335 U.S. 601, 614-15 (1949), and a party seeking relief under that rule must show

9    "extraordinary circumstances" justifying reopening a case.  <u>See</u> <u>Gonzalez v. Crosby</u>, 545 U.S.

10   524, 535 (2005) (stating that "our cases have required a movant seeking relief under Rule

11   60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment");

12   <u>accord</u> <u>Lal v. California</u>, 610 F.3d 518, 524 (9th Cir. 2010) ("We use Rule 60(b)(6) sparingly as

13   an equitable remedy to prevent manifest injustice.") (citation and quotation marks omitted);

14   <u>United States v. Washington</u>, 593 F.3d 790, 799-800 (9th Cir. 2010) (en banc) (stating that

15   "reopening under Rule 60(b)(6) is permitted only on a showing of 'extraordinary

16   circumstances'") (citation and quotation marks omitted).

17          The undersigned concludes that, even setting aside the discharge of plaintiff's

18   claims in the bankruptcy action, the peculiar facts of this case do not justify the relief sought by

19   the Cohen Defendants pursuant to Rule 60(b)(6).  The reopening of this case would not prevent

20   manifest injustice and is not otherwise supported by extraordinary circumstances.  The purpose

21   of the Cohen Defendants' motion is to reopen this case so that they may seek a significant

22   amount of attorneys' fees from an indigent plaintiff.  Moreover, the Cohen Defendants seek such

23   relief when they were not required to incur the attorneys' fees claimed; the Cohen Defendants

24   had not been served with the summons and complaint at the time that they appeared in the action

25   and filed the anti-SLAPP motion.  Accordingly, the Cohen Defendants' motion for relief under

26   ////

1  Rule 60(b)(6) is denied.[9]

2  III.     CONCLUSION

3            For the foregoing reasons, IT IS HEREBY ORDERED that the Cohen

4  Defendants' "Motion for Relief From Order Vacating Motions and Motion for Attorneys'

5  Fees/Costs [F.R.C.P. 60, Cal. Civ. Proc. § 425.16]" (Dkt. No. 16) is denied.

6            IT IS SO ORDERED.

7  DATED:  June 10, 2011

8

9                                         _____

                                          KENDALL J. NEWMAN

10                                        UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20  _____

21       [9]  To the extent that the Cohen Defendants intend to seek reconsideration of this order by
    the district judge assigned to this case, they should be prepared to address a number of issues.

22  For example, they should address the impact of the Final Decree in the bankruptcy action on the
    Cohen Defendants' claim for attorneys' fees and costs.  Additionally, the Cohen Defendants

23  should address the impact, for purposes of analysis under Erie v. Tompkins, 304 U.S. 64 (1938),
    of the apparent "direct collision" between the rule under California law permitting the award of

24  fees in connection with an anti-SLAPP motion after a plaintiff's voluntary dismissal and a
    federal plaintiff's absolute right of dismissal under Federal Rule of Civil

25  Procedure 41(a)(1)(A)(i).  See, e.g., Verizon Del., Inc. v. Covad Commc'ns Co., 377 F.3d 1081,
    1091 (9th Cir. 2004).  Additionally, the Cohen Defendants should produce copies of the executed

26  waivers of service with conclusive proof that they returned the waivers prior to filing the their
    anti-SLAPP motion.

8